UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 3:08-cr-0030-RLY-WGH |
| | ) | |
| JUSTIN MCGHEE, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered

by the Honorable Richard L. Young on April 10, 2013, designating this Magistrate Judge to conduct

a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed with the

Court on February 20, 2013 ("Petition"), and to submit proposed Findings of Facts and

Recommendation for disposition under Title 18 U.S.C. §§3401(i) and 3583(e).  Proceedings took

place on April 11, 2013, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

Defendant Justin McGhee appeared in person with his appointed counsel, William H. Dazey, Jr., and

the government appeared by Joe H. Vaughn, Assistant United States Attorney.  U. S. Parole and

Probation appeared by Jason Phillips, U.S. Parole and Probation Officer, who participated in the

proceedings.

On April 11, 2013, the Court held an initial hearing and conducted the following procedures

in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise
noted.  *See* Title 18 U.S.C.  §3401(e).

1.   William H. Dazey, Jr., Office of the Indiana Federal Community Defender, was present and appointed by the Court to represent Mr. McGhee in regard to the pending Petition.

2.   A copy of the Petition was provided to Mr. McGhee and his counsel, who informed the Court that they had read and understood the violations listed in the Petition and waived further reading thereof.

3.   Mr. Mcghee was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4.   Mr. McGhee was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5.   Mr. McGhee was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6.   That if the preliminary hearing resulted in a finding of probable cause that Mr. McGhee had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with the District Court's designation.

7.   Mr. Dazey stated that Mr. McGhee would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition.  Mr. McGhee executed a written waiver of the preliminary hearing, which was accepted by the Court.

8.   Mr. McGhee, by counsel, stipulated that he committed the specified violations set forth in the Petition, filed with the Court as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | *"The defendant shall refrain from any unlawful use of a controlled substance."* |
| 2 | *"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."* |
| 3 | *"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."* |

As previously reported to the Court, the offender submitted a urine sample which tested positive for marijuana on April 26, 2012. He admitted using the substance.

On January 16, 2013, the offender submitted a urine screen which tested positive for synthetic cannabinoids. He admitted using "spice."
During a home exam performed at the offender's residence on January 16, 2013, a package of Dank Herbal Potpourri was found in plain view on top of the offender's dresser. Mr. McGhee was visibly under the influence of an intoxicant that evening, which he later admitted was "spice."

| | |
|---|---|
| 4 | *"The defendant shall participate in a substance abuse treatment program, which may include no more than eight drug tests per month, and shall pay a portion of the fees."* |

As previously reported to the Court, the offender failed to report for random drug testing on February 22, May 9, 11, and 26, 2012.

Additionally, Mr. McGhee failed to report for random drug testing on January 15, 17, 23, 27, 29, and February 7, 2013.

The Court placed Mr. Mcghee under oath and directly inquired of Mr. McGhee whether he admitted violations of the specifications of his supervised release set forth above.  Mr. McGhee stated that he admitted the above violations as set forth above.

Counsel for the parties further stipulated to the following:

1)      Mr. McGhee has a relevant criminal history category of I, U.S.S.G. §7B1.4(a).

– 3 –

2)     The most serious grade of violation committed by Mr. McGhee constitutes a Grade C violation, pursuant to U.S.S.G. §7B1.1(b).

3)     Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. McGhee is 3-9 months.

4)     Mr. McGhee's supervised release should be modified.

The parties then presented testimony and argument regarding the extent to which Mr. McGhee's supervised release should be modified. Mr. McGhee testified in support of his counsel's argument that his supervised release should be modified to include a period of home detention. U.S. Probation Officer Phillips testified in support of the government's argument that Mr. McGhee's supervised release should be modified to include a period of up to 120 days at the Volunteers of America ("VoA").

The Court, based on its concern that Mr. McGhee would be alone on home detention and would benefit from the structure of the VoA, then found that the appropriate disposition of the case would be modification of defendant's supervised release as follows:

(a) For a period of time up to 120 days, the Defendant will reside at the VoA where he will follow all rules given to him by the VoA and U.S. Probation.

(b) During Mr. McGhee's residence at the VoA, U.S. Probation shall review Mr. McGhee's compliance with the rules of the VoA every 30 days.

(c) Should U.S. Probation determine that Mr. McGhee has fully complied with the rules of the VoA, Mr. McGhee could be released from the VoA prior to the completion of the 120 day period, at the discretion of U.S. Probation.

(d) All of the other terms and conditions of Mr. McGhee's supervised release in full force and effect.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the Defendant, JUSTIN

MCGHEE, violated the specified conditions of supervised release as delineated above and in the Petition.  The Defendant's supervised release is therefore **MODIFIED** as set forth above.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation modifying JUSTIN MCGHEE's Supervised Release.

IT IS SO RECOMMENDED this  04/15/2013

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

Joe H. Vaughn
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

William H. Dazey, Jr.
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis,   IN 46204

U. S. Parole and Probation

U. S. Marshal